## HASTINGS v. DOLLARHIDE et als.

SUIT on a promissory note made by defendants. The complaint, not verified, sets out the note, and avers assignment thereof by payee to plaintiff. Answer, general denial: *Held*, that the answer does not admit, but denies, the assignment, and hence that plaintiff must prove it, and is not entitled to judgment on the pleadings.

APPEAL from the Seventh District.

The plaintiff demurred to the answer on the ground that it did not constitute a defense. Demurrer sustained, and, defendants declining to amend, final judgment entered for plaintiff. Defendants appeal.

*John Currey*, for Appellants.

The allegation in the complaint of the endorsement, transfer and assignment of the note by the said Ysabel Armijo to plaintiff, and that plaintiff became the owner and holder, and entitled to the pay-thereof, was a material allegation, and was put in issue by the general denial of the answer. (9 Barb. 158; 3 Sandf. 438, 667, 696; 5 Id. 564; 2 Seld. 209; *Parker* v. *Totten*, 10 How. Pr. R. 235; 8 Id. 51; Pr. Act, secs. 46, 53; 1 Cal. 158, 193; *Youngs* v. *Bell*, 4 Id. 210.)

*Whitman & Wells*, for Respondent.

The answer does not deny the endorsement of the note, or the right of plaintiff to bring the suit. The allegation respecting the note and its transfer, is a mere allegation of plaintiff's capacity to sue, and is not put in issue by the answer. (8 Cal. 583 ; 11 Id. 69; 1 Vansantvoord's Pl. 668 ; 11 How. Pr. R. 216 ; 14 Cal. 112 ; 13 Id. 62.) In *Youngs* v. *Bell*, (4 Cal. 210) there was a specific denial of the endorsement, and the question was whether the denial must be under oath. Here the question is whether it is necessary to deny it at all.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action upon a promissory note executed by the defendants to one Ysabel Armijo. The complaint sets forth a copy of the note, and avers an assignment of it by the payee to the plaintiff. The answer contains a general denial of the allegations of the complaint; and as the pleadings were not verified, this was sufficient to put the plaintiff upon proof of all the facts necessary to entitle him to recover, except the genuineness and due execution of the note. Judgment was rendered in his favor upon the pleadings alone ; but the assignment being denied, it was necessary to prove it, and the judgment cannot therefore be maintained. The case stands precisely in the position that it would if the complaint contained no allegation upon the subject. *Youngs* v. *Bell* (4 Cal. 201) is directly in point.

Judgment reversed and cause remanded.